VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      25-AP-090



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SEPTEMBER TERM,   2025

Elizabeth McCurley v. Tyler LeBeau\*

}  APPEALED FROM:
}
}  Superior Court, Caledonia Unit,
}  Civil Division
}  CASE NO. 24-CV-03045
    Trial Judge: Benjamin Battles

In the above-entitled cause, the Clerk will enter:

Tenant appeals pro se from an order in landlord's favor in this eviction case.  We affirm.

Landlord filed an eviction complaint against tenant in August 2024.  Following a bench trial, the court returned possession of the premises to landlord and awarded her $8500 in damages for unpaid rent.  The court rejected tenant's arguments that landlord retaliated against him and that he owed no rent due to habitability concerns.

The trial court made the following findings.  Landlord owns a home in Hardwick, Vermont, that contains two dwelling units.  In February 2024, the parties entered into a one-year lease agreement for one of the units at the rate of $1700 per month.  Tenant paid the first month's rent and a security deposit.  The parties' relationship deteriorated.  Tenant paid the March rent late and paid partial rent of $600 in April, which was also late.  He paid no rent to landlord thereafter until ordered to pay rent into court in connection with these proceedings.  In early June 2024, landlord served tenant with an eviction notice for nonpayment of rent.  In November 2024, tenant was ordered to pay $850 in rent per month into court, which he did.

Tenant raised significant habitability issues, including plumbing, electrical, and heating issues, as well as water damage, a rat infestation, and a fallen drop ceiling in the kitchen.  Tenant also contacted the fire marshal, who issued various reports.  The court found that landlord made numerous repairs in response to tenant's concerns between April and June 2024.

The court rejected tenant's argument that he was entitled to withhold rent throughout his stay due to habitability issues.  It concluded that landlord lawfully terminated his tenancy because of tenant's failure to pay rent in May and June.  While tenant began raising habitability issues in March 2024, the court found that landlord responded to tenant's concerns and worked with tenant to make reasonable repairs during April, May, and June.  This was reflected in the parties' extensive email and text communications and in the fire marshal's reports, which demonstrated that landlord corrected most of tenant's complaints within a reasonable time.  The

court did not credit tenant's assertion that he withheld rent in May and June 2024 based on habitability issues. It cited evidence that tenant told landlord he intended to pay the full May rent but that his payment would be late due to financial issues. Tenant then offered landlord a variety of explanations, including surgery and a car repair, as to why the rent checks he said he mailed never arrived. The court did not believe tenant's assertion that a partial rent check was returned to him by the post office, even though landlord's address remained the same, and that he then decided to withhold rent for habitability reasons.

Considering the totality of the evidence, the court concluded that tenant chose not to pay rent in May and June 2024 for personal financial reasons rather than habitability concerns. The court found this conclusion further supported by tenant's decision to remain living in the apartment for nearly a year notwithstanding his claim that the apartment was effectively uninhabitable. Because tenant was obligated to pay rent and failed to do so, the court held that his tenancy was lawfully terminated on June 21 pursuant to the notice of termination and that landlord was entitled to resume possession.

With respect to damages, the court found that tenant was obligated under the lease to pay $1700 per month. He made a partial payment in April 2024 and did not paid landlord directly since that time. From May 2024 to March 2025, tenant owed landlord $18,700 under the terms of the lease. The court found, however, that more serious habitability issues—including a rat infestation and lack of adequate heat—arose after landlord terminated the lease in June 2024. Landlord addressed the rat infestation within approximately one week of being notified of it in November 2024, but she could not remedy the lack of adequate heat during the ensuing winter months. These were issues that could materially affect health and safety. Accordingly, the court concluded that tenant was entitled to lawfully withhold rent from November 2024 through March 2025. Based on its findings, the court awarded landlord $11,900 in damages.

Finally, the court was unpersuaded by tenant's arguments that landlord breached the lease by retaliating against or failing to negotiate with him in good faith before filing suit. It found that landlord attempted to address the habitability concerns raised by tenant in good faith and gave tenant numerous opportunities to pay rent before terminating his tenancy and initiating this action. Landlord was not obligated to participate in the formal mediation process suggested by tenant. The court issued a writ of possession to landlord and a final judgment order in landlord's favor awarding damages. This appeal followed.

On appeal, tenant provides his version of events. He argues that the court should have credited his position that landlord retaliated against him and held that he owed no rent due to habitability concerns. Tenant contends that the court ignored his evidence about habitability issues, it should not have credited landlord's testimony, and its findings were unsupported and internally inconsistent.[*]

Tenant fails to show that the court erred in reaching its conclusions. Under 9 V.S.A. § 4458(a)(1), a tenant may withhold rent "[i]f the landlord fails to comply with the obligations for habitability and, after receiving actual notice of the noncompliance from the tenant, . . . fails to make repairs within a reasonable time and the noncompliance materially affects health and safety." As set forth above, the court found that landlord responded to tenant's habitability

_____

[*] Tenant also raises an argument concerning the viability of the lease. Because this argument is raised for the first time in tenant's reply brief, we do not address it. <u>Gallipo v. City of Rutland</u>, 2005 VT 83, ¶ 52, 178 Vt. 244.

concerns in a reasonable way and that tenant's failure to pay rent in May and June 2024 was for personal financial reasons, not habitability concerns. It determined that tenant was justified in withholding rent between November 2024 and March 2025 because landlord was unable to resolve the heating issue. The court explained why it did not credit tenant's retaliation argument and his assertion that he withheld rent in May and June 2024 for habitability reasons. Tenant urges us to draw different conclusions from the evidence, but that is not our role. "As the trier of fact, it [is] the province of the trial court to determine the credibility of the witnesses and weigh the persuasiveness of the evidence." Cabot v. Cabot, 166 Vt. 485, 497 (1997). We do not reweigh the evidence on appeal. The trial court's findings are supported by the evidence, and they support the court's conclusions. We have considered all of tenant's arguments and find no basis to disturb the court's decision.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
William D. Cohen, Associate Justice

_____
Nancy J. Waples, Associate Justice